Humphreys *v.* Daggs.

---

HUMPHREYS *v.* DAGGS.

The omission to aver damages at the conclusion of a declaration and of each count, is cured by verdict, when the declaration contains an allegation of indebtedness for a greater amount than that of the judgment.

The Iowa statutes of jeofails, not obsolete, and extend explicitly even to material defects, after verdict.

ERROR, *to Van Buren District Court.*

Declaration in assumpsit containing three counts, neither of which contains the usual concluding averment of damages; nor is there such an averment at the end of the declaration. But one of the counts alleges an indebtedness of $500. Humphreys, the defendant below, made default, and upon an assessment of damages by a jury, judgment was rendered against him for $297.33.

*A. Hall,* for the plaintiff in error. There is no general clause at the end of the declaration claiming damages, and the plaintiff cannot recover any more damages than is claimed in the end of the declaration. See Chitty's Pl. pp. 339, 340, 418, 419; Stephens' Pl. 202; 1 Saunders' Pl. 418.

There are two special counts, and one for money had and received. The first special count is for fraud; the second for malfeasance as an attorney; the third for money had and received; and no damages claimed in either, or at the end of the declaration.

The record does not show whether the jury were sworn to assess damages upon all the counts or which count; but the record presumption is that the jury were sworn generally, which is bad where the declaration is absolutely defective. See 1 Chitty's Pl. note to p. 340, and 149.

" The statute of jeofails will not remedy the want of a material allegation."

The last count refers in its close to the last mentioned sum of money, to wit, the money demanded in said count, but does not demand any damages, nor in any way refer to the other counts, neither of which is good; and the assessment of damages is general upon all the counts.

*Wright* and *Knapp,* for the defendant. The only error we think worthy of note, is the one in regard to the omission to lay damages in the declaration.

Humphreys *v.* Daggs.

This, if error after verdict at all, is cured by our statute of amendments and jeofails.    *Rev. Stat.* pp. 54, 55, 56, 57.

*Opinion by* HASTINGS, C. J.   The error mainly relied on in this case is, that no damages are claimed in the declaration. The declaration seems to have been inartificially drawn, and bad on demurrer, but we think the defects are not of that character that they may be taken advantage of on error.

The summons claims damages to the amount of five hundred dollars.

One of the counts in the declaration sets out a cause of action with proper averments, setting up damages exceeding the damages assessed by the jury.

The verdict of the jury finds $297.33 damages.   The omission to claim damages in the conclusion of the several counts, is a mispleading, a default and negligence of the attorney who drew the declaration, which is cured by the verdict, and a writ of error will not lie to any such mistake after verdict.

See sections six and seven, statute of amendments and jeofails, (*Rev. Stat.* p. 54.)

The attorney for plaintiff in error argues that the defects are material, and are not cured by the statute.   If *immaterial* errors only are cured by the statute, it would not have been necessary to enact such a statute.

The practice of the courts evading the statute of amendments and jeofails, renders it a dead letter, and ought to be condemned.   Its language cannot be misunderstood, and it ought to be enforced.

The judgment of the court below is affirmed.

Judgment affirmed.